This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

 Plaintiff-Appellant,

**v.**             **NO. 29,870**

**JERRY B. TRUJILLO, JR.,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

The State appeals from the district court's order granting Defendant's motion to suppress evidence. This Court's first notice proposed summary affirmance. The State filed a memorandum in opposition to the proposed disposition. We are not persuaded by the State's arguments, and affirm the district court.

The State argues that the judge who issued the search warrant had more than a substantial basis upon which to find probable cause to search the residence. The State points out that "only a probability of criminal conduct need be shown," and "[i]t is sufficient if there is evidence from which the fact can properly inferred." *State v. Snedeker,* 99 N.M. 286, 290, 657 P.2d 613, 617 (1982). [MIO 7] The State contends that the affidavit requested the issuance of a warrant to search the residence identified, followed by the officer's assertion of probable cause to believe the residence contained evidence of a crime. We disagree. While the affidavit did identify the address of the residence where the officer spoke to the victim, and asserted probable cause to believe a crime had occurred, it did not indicate why there was probable cause to believe that the alleged crime occurred at the residence identified.

The State further argues that the affidavit indicates that upon arrival at the identified address, the officer spoke to the victim, who lived there with her

grandparents and Defendant. [MIO 8] However, that is not entirely accurate. While the affidavit indicates that the victim and her brother were adopted by and were living with her grandmother and step-grandfather, it does not state that the residence where the victim was being interviewed was actually the home of her grandparents, the victim's home, or the place where the crime occurred. Also, although both the victim, and a second alleged victim, indicated that the crimes occurred in the perpetrator's bedroom, and evidence could be found there, there was no indication in the affidavit that the bedroom described was located in the very home where the officers were conducting their investigation. It is not enough that the affidavit assert that evidence of a crime can be found in the residence to be searched. The affidavit must assert facts to establish probable cause for believing why such evidence can be found there. That is the problem with the affidavit in this case; the victim could have been at anyone's residence when the officer interviewed her. It would not be unheard of for a victim or a concerned relative to call the police to another person's home to report the crime, particularly where the alleged sexual perpetrator lived in the victim's home.

We hold that the affidavit as a whole, together with reasonable inferences drawn therefrom, did not provide a substantial basis for determining that there was probable

cause to believe that the evidence described in the affidavit could be found at the residence identified. *See State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376 (stating the standard of review on appeal); *State v. Rubio*, 2002-NMCA-007, ¶ 5, 131 N.M. 479, 39 P.3d 144 (filed 2001) ("Probable cause for the issuance of a search warrant must be established from within the four corners of the supporting affidavit."). For these reasons, and those stated in the first notice of proposed summary disposition, we affirm the district court.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**